**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **RICHARD P. STENGER,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:20-cv-___** |
| | § | |
| **THYSSENKRUPP ELEVATOR** | § | |
| **CORPORATION,** | § | |
| **Defendant.** | § | |

## COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Richard P. Stenger, Plaintiff, and files this original complaint against ThyssenKrupp Elevator Corporation (hereinafter "Defendant"), and would respectfully show the Court as follows:

### I.  PARTIES

1.     Plaintiff is an individual residing in Grayson County, Texas.

2.     Defendant ThyssenKrupp Elevator Corporation is an entity doing business in Texas and may be served by serving its registered agent, The Prentice-Hall Corporation System, Inc., 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### II. JURISDICTION

3.     Jurisdiction is founded on federal question, specifically 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended, 42 U.S.C. § 1983, *et seq.,* as amended, and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4.     All prerequisites to filing suit have been met.

**COMPLAINT**                                                                                                              **PAGE 1**

## III. FACTS

5.      Plaintiff was employed by the ThyssenKrupp Elevator Corporation for approximately forty-six (46) years in various roles.  At the time of his discharge on May 17, 2019, he was a sales person.

6.      Upon information and belief, Defendant had twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, the requisite number of employees to constitute an "employer" under the ADEA.

7.      Plaintiff began working for Defendant on or about October 18, 1972.  During the subsequent forty-six plus years, Plaintiff consistently received promotions, accolades, and exceeded expectations on performance reviews.

8.      Approximately one year before Plaintiff was terminated, Nick Rainwater ("Rainwater"), a young man in his 30's, was made the branch manager of the branch where Plaintiff was employed.  Rainwater treated Plaintiff differently from past managers in that Rainwater rarely spoke to Plaintiff.  On at least one occasion, Rainwater asked Plaintiff when Plaintiff planned to retire.  When asked about retirement by Rainwater, Plaintiff informed the young manager that Plaintiff did not intend to retire.

9.      Rainwater began consistently treating older employees at the branch poorly.  Rainwater either terminated older employees outright, or made life so difficult for them that they would leave voluntarily.  During the short time Rainwater was branch manager before Plaintiff's termination, the following employees were either terminated or resigned because of Rainwater:

> Vince Parshall, approximate age late 40's;
> Mike Mehno, approximate age 64;
> Angel Duke, approximate age 50's;
> Brad Hagar, approximate age 40's;
> Kevin Bernard, approximate age 50's;
> Brian Chambers, approximate age 60; and
> Andrea Gatewood, approximate age 50's.

**COMPLAINT**                                                                                                    **PAGE 2**

10.     Approximately six months before Plaintiff was terminated, Plaintiff was summoned to a meeting with Rainwater and two other people.  Plaintiff was placed on a 90-day performance improvement plan.  When the 90-day performance improvement plan was completed, Plaintiff was told that Plaintiff had successfully completed the plan.  Rainwater, appearing irritated, ordered that the performance improvement plan be extended another 60 days.  Upon the expiration of the 60-day extension, Plaintiff was again informed the Plaintiff had successfully completed the performance improvement plan.

11.     Shortly after successfully completing the original 90-day performance improvement plan and the subsequent 60-day performance improvement plan, Plaintiff was terminated by Rainwater.

12.     Rainwater told Plaintiff the Plaintiff was being terminated even though Plaintiff had successfully completed the performance improvement plan.  When pressed by Plaintiff for a reason for the termination, Rainwater could not provide a coherent reason, citing sales projections (which was not part of Plaintiff's job responsibilities).

13.     Plaintiff was ultimately replaced by a younger employee under the age of 30.

14.     Plaintiff's job performance and loyalty to Defendant which spanned almost half a century did not merit termination.

15.     At the time Plaintiff was terminated, Plaintiff was earning $160,000-180,000 per year (depending on commissions and bonus) plus benefits.

## IV. CLAIMS FOR RELIEF AND DAMAGES

### A. FEDERAL CLAIMS FOR RELIEF AND DAMAGES
### Violations of 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended

16.     Plaintiff incorporates the factual allegations contained in paragraphs 5-15 herein as if set out verbatim.

17.     Plaintiff was discharged in violation of 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended, protecting Plaintiff from discrimination on the basis of age.

18.     Plaintiff was 67 years of age at the time of his termination by Defendant.

19.     Plaintiff was well qualified for the position of sales person and had been employed by the company in that and various other positions for 46 years.

20.     Plaintiff was replaced by a person under the age of 40 who possessed a fraction of Plaintiff's experience.

21.     Defendant's stated reason for terminating Plaintiff is purely pretextual, as Plaintiff had an almost spotless employment record and successfully completed both the 90-day performance improvement plan and the subsequent 60-day performance improvement plan.

22.     Plaintiff claims all relief, legal and equitable that effectuate his rights under 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended.

23.     Plaintiff requests reasonable attorney's fees as permitted under 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended.

24.     On or about August 27, 2019, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On September 4, 2020, Plaintiff received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated September 2, 2020.

25.     Pleading further, and in the alternative:

## B. STATE CLAIMS FOR RELIEF AND DAMAGES
### Violations of TEX. LABOR CODE § 21.051 *et seq.*

26.     Plaintiff incorporates the factual allegations contained in paragraphs 5-15 herein as if set out verbatim.

27.     Plaintiff was discharged in violation of TEX. LABOR CODE § 21.051 *et seq.*, as amended, protecting Plaintiff from discrimination on the basis of age.

28.     Plaintiff was 67 years of age at the time of his termination by Defendant.

29.     Plaintiff was well qualified for the position of sales person and had been employed by the company in that and various other positions for 46 years.

30.     Plaintiff was replaced by a person under the age of 40 who possessed a fraction of Plaintiff's experience.

31.     Defendant's stated reason for terminating Plaintiff is purely pretextual, as Plaintiff had an almost spotless employment record and successfully completed both the 90-day performance improvement plan and the subsequent 60-day performance improvement plan.

32.     Plaintiff claims all relief, legal and equitable that effectuate his rights under TEX. LABOR CODE § 21.051 *et seq.*, including TEX. LABOR CODE § 21.258.

33.     Defendant's conduct in terminating Plaintiff was done intentionally and with malice. Accordingly, Plaintiff claims all compensatory and punitive damages as authorized by TEX. LABOR CODE § 21.2585.

34.     Plaintiff requests reasonable attorney's fees and costs as permitted under TEX. LABOR CODE §21.259.

35.     On or about August 27, 2019, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On September 4, 2020, Plaintiff received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated September 2, 2020.

## V. DAMAGES

49.     Plaintiff would show that he has sustained damages within the jurisdictional limits of the Court as a proximate cause of Defendant's wrongful conduct, including liquidated damages, compensatory damages, lost wages, and mental anguish.  Plaintiff claims all relief at law and in equity pursuant to 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended.

50.     Plaintiff claims all relief, legal and equitable that effectuate his rights under TEX. LABOR CODE § 21.051 *et seq.*, including TEX. LABOR CODE § 21.258.

51.     Defendant's conduct in terminating Plaintiff was done intentionally and with malice. Accordingly, Plaintiff claims all compensatory and punitive damages as authorized by TEX. LABOR CODE § 21.2585.

## VI. ATTORNEY'S FEES

50.     Plaintiff would show that, as a result of Defendant's wrongful conduct as set forth herein, he is entitled to reasonable and necessary attorney's fees as outlined above.

## IX. JURY DEMAND

51.     Plaintiff requests that this matter be tried before a jury.

        **WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that upon final hearing hereof, Plaintiff have judgment against Defendant for actual damages in an amount within the jurisdictional limits of the Court together with interest on said amount at the highest rate allowed by law; liquidated damages; mental anguish; reasonable attorney's fees; costs of court; prejudgment and postjudgment interest; and any and all further relief, at law or in equity, general or special, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

Richardson Law Firm
118 S. Crockett
Sherman, Texas 75090
Tel: (903) 893-7541
Fax: (903) 893-9585


By: /s/ Robert E. L. (Ed) Richardson
     Robert E. L. (Ed) Richardson
     SBN: 24007913
     ed@richardsonfirm.net

**RONALD R. HUFF**
Attorney and Counselor at Law
112 South Crockett Street
Sherman, Texas 75090
(903) 893-1616 (telephone)
(903) 813-3265 (facsimile)
ronhuff@gcecisp.com


 /s/ Ronald R. Huff
Ronald R. Huff (SBN 10185050)

**ATTORNEYS FOR PLAINTIFF**