IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RICHARD P. STENGER, | § § § | |
| Plaintiff | § § | |
| vs. | § § | NO. 4:20-CV-00846-ALM |
| THYSSENKRUPP ELEVATOR CORPORATION, | § § § § | |
| Defendant. | § § § | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant ThyssenKrupp Elevator Corporation submits the following Original Answer to Plaintiff's Complaint [Doc No. 1] as follows:

### ANSWER TO PLAINTIFF'S COMPLAINT

The allegations in Plaintiff's Complaint are hereinafter answered by the correspondingly numbered paragraphs below.

### I.   PARTIES

1.   Defendant admits, upon information and belief, the allegations in Paragraph 1 of Plaintiff's Complaint.

2.   Defendant admits the allegations contained in Paragraph 2 of the Complaint.

### II. JURISDICTION

3.   Defendant admits that this Court has jurisdiction as alleged in Paragraph 3 of the Complaint.

4.   Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 4 of the Complaint.

**DEFENDANT'S ORIGINAL ANSWER – Page 1**

### III. FACTS

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits that Plaintiff began working with Defendant on or about October 18, 1972, but denies the remainder of the allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits that Nick Rainwater was the branch manager, but denies the remainder of the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits that Plaintiff was placed on a Performance Improvement Plan, but denies the remainder of the allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits that Plaintiff was terminated, but denies the remainder of the allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits that Mr. Rainwater informed Plaintiff of his termination, but denies the remainder of the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits the allegations contained in Paragraph 15 of the Complaint.

### IV. CLAIMS FOR RELIEF

#### A. FEDERAL CLAIMS FOR RELIEF AND DAMAGES

16. Defendant incorporates its responses to Paragraphs 1-15

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant admits the allegations contained in Paragraph 18 of the Complaint.

19. Defendant admits that Plaintiff had worked for Defendant for 46 years, but denies

the remainder of the allegations contained in Paragraph 19 of the Complaint.

20. Defendant admits that Plaintiff was replaced by a person under the age of 40 but denies the remainder of the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant admits that Plaintiff has pleaded claims under the ADEA, but denies that he is entitled to any relief as alleged in Paragraph 22 of the Complaint.

23. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 23 of the Complaint.

24. Defendant admits that Plaintiff signed a charge of discrimination on August 27, 2019, but is without sufficient information to admit or deny the remainder of the contained in Paragraph 24 of the Complaint.

25. The allegations contained in paragraph 25 of the Complaint are not the type that can be admitted or denied.

### B. STATE CLAIMS FOR RELIEF AND DAMAGES

26. Plaintiff incorporates its answers to Paragraphs 5-15

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint

28. Defendant admits the allegations contained in Paragraph 28 of the Complaint.

29. Defendant admits that Plaintiff had worked for Defendant for 46 years, but denies the remainder of the allegations contained in Paragraph 29 of the Complaint.

30. Defendant admits that Plaintiff was replaced by a person under the age of 40 but denies the remainder of the allegations contained in Paragraph 30 of the Complaint

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant admits that Plaintiff has alleged claims under the Texas Labor Code, but

**DEFENDANT'S ORIGINAL ANSWER – Page 3**

denies that Plaintiff is entitled to any relief as alleged in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies that Plaintiff is entitled to any of the relief requested in Paragraph 34 of the Complaint.

35. Defendant admits that Plaintiff signed a charge of discrimination on August 27, 2019, but is without sufficient information to admit or deny the remainder of the contained in Paragraph 35 of the Complaint.

[Paragraphs 36-48 omitted]

### V. DAMAGES

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies that Plaintiff is entitled to any of the relief requested in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

### VI. ATTORNEY'S FEES

50. [sic]  Defendant denies the allegations contained in Paragraph 50 [sic] of the Complaint.

### IX. JURY DEMAND

51. Defendant admits that Plaintiff has requested a trial by jury.

52. Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered prayer section of the Complaint.

### AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses, which apply to the claims of Plaintiff.  By asserting these affirmative defenses, Defendant does not concede that it has the

burden of proof as to any such defense. To the extent that any defenses or legal theories asserted herein may be interpreted as being inconsistent, such defenses or legal theories are hereby pleaded in the alternative. Subject to and without waiving the foregoing, and without waiving Plaintiff's burden to show otherwise, Defendant pleads as follows:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted, in whole or in part.

2. Plaintiff's claims under the ADEA are limited to only those claims alleged within his predicate charge of discrimination filed with the EEOC.

3. To the extent Plaintiff complains of acts or conduct that are not included in his charge of discrimination, Plaintiff's claims may be barred, in whole or in part, by Plaintiff's failure to timely exhaust his administrative prerequisites against Defendant and/or satisfy his conditions precedent.

4. All of Defendant's actions regarding Plaintiff were taken in good faith and for legitimate, non-discriminatory, non-retaliatory business reasons.

5. Plaintiff was employed at-will and was subject to termination of employment for any legitimate reason, or for no reason at all.

6. Defendant maintains a strong, officially promulgated and user-friendly policy against discrimination, harassment, and retaliation to prevent and promptly correct any such behavior. To the extent Plaintiff was the victim of any discrimination as alleged in Plaintiff's Complaint, which Defendant adamantly denies, Plaintiff unreasonably failed to take advantage of the opportunities offered to him by Defendant to prevent and correct the alleged harm or otherwise avoid the harm he allegedly suffered.

7. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to exercise reasonable care and diligence to mitigate his damages, if any. In addition, Plaintiff's damages and losses, if any, should be reduced by any and all interim earnings.

8. To the extent, if any, Plaintiff has suffered any damages and/or losses, such damages and/or losses were the result of Plaintiff's own conduct and/or omissions.

9. If a fact finder determines any unlawful reason as prescribed by statute was a motivating factor in any employment decision concerning Plaintiff, which Defendant adamantly denies, Defendant would have nonetheless made the same employment decision regardless of the alleged discriminatory animus.

10. Plaintiff's claims for damages are subject to all applicable limitations on such damages.

11. There is no basis, in law or fact, to support any request for liquidated damages under the ADEA. Defendant did not engage in any willful violation of the ADEA, and at all times, Defendant acted with a good faith intent to comply with the ADEA and did not know or show any reckless disregard for its conduct being prohibited by the ADEA.

12. Defendant's actions regarding Plaintiff were not taken with malice or reckless indifference to Plaintiff's rights and were not in willful disregard of the law. Therefore, Plaintiff is not entitled to punitive or exemplary damages.

13. Plaintiff cannot recover punitive damages for any alleged discrimination because any such alleged discriminatory conduct is contrary to Defendant's good faith efforts to comply with anti-discrimination laws.

14. To the extent Plaintiff seeks claims for exemplary damages, such damages are unconstitutional and/or unavailable.

15. The damages in this case are limited by any applicable statutory cap.

In addition to the foregoing defenses, Defendant reserves the right to amend its Answer to raise any and all other additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any other available counterclaims against Plaintiff as those claims become known during this litigation.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that, upon a final hearing of this matter, that the Court grant judgment on behalf of Defendant; that Plaintiff take nothing by the above-captioned action; that Defendant recovers its reasonable attorneys' fees and costs of court, and that Defendant be awarded such other and further relief, at law or in equity, to which it may be justly entitled.

Dated December 22, 2020

Respectfully submitted,

/s/ Jeremy W. Hawpe
Jeremy W. Hawpe (Attorney-in-Charge)
State Bar No. 24046041
Ross G. Reyes
State Bar No. 24105707

**LITTLER MENDELSON, P.C.**
A PROFESSIONAL CORPORATION
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
214.880.8100 (Telephone)
214.880.0181 (Telecopier)
jhawpe@littler.com

ATTORNEYS FOR THYSSSENKRUPP
ELEVATOR CORPORATION

## CERTIFICATE OF SERVICE

On December 22, 2020, I served the foregoing initial disclosures on all counsel of record in a manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                                         */s/ Jeremy W. Hawpe*
                                                         Jeremy W. Hawpe

4830-6740-3476.1 091798.1038