IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RICHARD P. STENGER, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | NO. 4:20-CV-00846-ALM |
| | § | |
| THYSSENKRUPP ELEVATOR | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**JOINT REPORT**

Pursuant to the Court's Order Governing Proceedings (Dkt. #4), Plaintiff Richard Stenger and Defendant Thyssenkrupp Elevator Corporation (collectively, the "Parties") file this Joint Report and respectfully show the Court as follows:

1. **Brief Factual and Legal Synopsis of the Case**

Plaintiff's Contention: Plaintiff contends that Defendant terminated Plaintiff in violation of 29 U.S.C. § 623, *et seq*. (Age Discrimination in Employment Act of 1967, "ADEA"), as amended, and Tex. Labor Code § 21.051 *et seq.*, including Tex. Labor Code § 21.258. Plaintiff was a stellar employee of Defendant for 46 years. Even after being placed on, and successfully completing, a performance improvement plan, Plaintiff was still terminated by young manager Nick Rainwater who had a history of either terminating or running off older employees.

Defendant's Contention: Defendant contends that Plaintiff was not subject to age discrimination. Due to poor job performance, Defendant placed Plaintiff on a performance improvement plan, which lasted approximately six months. Because Plaintiff failed to adequately complete the performance improvement plan and improve his sales targets, Defendant terminated Plaintiff.

2. **Jurisdictional Basis for this Suit**

Jurisdiction is founded on federal question, specifically 29 U.S.C § 623, *et seq.*, 42 U.S.C. § 1983, *et seq.*, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3. **List of the Correct Names of the Parties to this Action and Any Anticipated Additional or Potential Parties**

Plaintiff and Defendant are correctly identified as Richard P. Stenger and Thyssenkrupp Elevator Corporation. At this time, there are no anticipated or potential parties.

4. **List of Any Cases Related to this Case Pending in Any State or Federal Court, Identifying the Case Numbers and Courts Along with an Explanation of the Status of Those Cases**

   None.

5. **Confirm that Initial Mandatory Disclosures Required by Rule 26(a)(1) and The Court's Order Governing Proceedings has Been Completed**

   The Parties confirm that they each exchanged their initial mandatory disclosures.

6. **Proposed Scheduling Order Deadlines**

   Please see the attached Joint Proposed Schedule Order.

7. **Descriptions in Accordance with Rule 26(f):**

   a. **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

   The Parties intend to conduct standard discovery related to potential liability and damages in a single-plaintiff employment discrimination lawsuit. The Parties intend to take witness depositions and exchange written discovery requests, including requests for production of documents, requests for admissions, and interrogatory requests.

   The Parties propose August 19, 2021, as the deadline to complete all discovery. Further, the Parties propose not to have discovery conducted in phases, and propose no additional limits other than those imposed by the Federal Rules of Civil Procedure, the local rules, and the attached Joint Proposed Scheduling Order.

   b. **Any issues relating to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as any methodologies for identifying or culling the relevant and discoverable ESI. Any disputes regarding ESI that counsel for the parties are unable to resolve during conference must be identified in the report.**

   The Parties are not aware of any ESI-related issues at this time. To the extent that the Parties learn of the existence of any relevant ESI and/or seek production of information in electronic format, the Parties agree that the requesting party will make that request specifically known and will seek to confer with the responding party regarding the timing and form of production at the time the request is served.

   c. **Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502 (such as the potential need for a protective order and any procedures to which**

>the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues). A party asserting that any information is confidential should immediately apply to the Court for entry of a protective order.

The Parties do not currently have any proposals on this issue and will address any issues that arise when they occur, including, but not limited to, the entry of a protective order.

> **d. Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed.**

At this time, the Parties do not propose any discovery limitations other than those contained in the attached Joint Proposed Scheduling Order.

> **e. Whether any other orders should be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c).**

The Parties will submit a Joint Motion for Protective Order to the Court.

8. **Progress made toward settlement, and the present status of settlement negotiations, including whether a demand and offer has been made. If the parties have agreed upon a mediator, state the name, address, and phone number of that mediator, and a proposed deadline for mediation. An early date is encouraged to reduce expense. The Court will appoint a mediator if none is agreed upon.**

Plaintiff has made a demand, and Defendant is considering it and whether a counteroffer would be productive at this time. However, the Parties anticipate having on-going informal settlement negotiations throughout the litigation. The Parties request that they participate in a formal mediation/settlement conference with Magistrate Judge Christine Nowak no later than July 19, 2021.

9. **Identity of Persons Expected to be Deposed**

Plaintiff anticipates taking the deposition of Nick Rainwater.

Defendant anticipates taking the deposition of Plaintiff Richard Stenger.

Additional witnesses may include any persons identified in documents produced during discovery.

10. **Estimated Trial Time and Whether a Jury Demand has Been Timely Made**

The Parties anticipate needing approximately 3 days for trial. Plaintiff demanded a jury in his Original Complaint (Dkt. #1).

11. **Names of the Attorneys Who Will Appear on Behalf of the Parties at the Management Conference (the appearing attorney must be an attorney of record and have full authority to bind the client)**

Ed Richardson and Ronald Huff will appear on behalf of Plaintiff, and Jeremy Hawpe and Ross Reyes will appear on behalf of Defendant.

**12. Whether the Parties Jointly Consent to Trial Before a Magistrate Judge**

The Parties do not consent at this time.

**13. Other Matters that Counsel Deem Appropriate for Inclusion in the Joint Conference Report or that Deserve the Special Attention of the Court at the Management Conference**

None at this time.

Dated February 4, 2021　　　　　　　　　Respectfully submitted,

/s/ *Robert E. L. (Ed) Richardson*　　　　　/s/ Jeremy W. Hawpe
Robert E. L. (Ed) Richardson　　　　　　　Jeremy W. Hawpe (Attorney-in-Charge)
State Bar No. 24007913　　　　　　　　　State Bar No. 24046041
　　　　　　　　　　　　　　　　　　　Ross G. Reyes
Richardson Law Firm　　　　　　　　　　State Bar No. 24105707
118 S. Crockett
Sherman, TX 75090　　　　　　　　　　　LITTLER MENDELSON, P.C.
903.893.7541 (Telephone)　　　　　　　　2001 Ross Avenue
903.893.9585 (Fax)　　　　　　　　　　　Suite 1500, Lock Box 116
ed@richardsonfirm.net　　　　　　　　　　Dallas, TX  75201.2931
　　　　　　　　　　　　　　　　　　　214.880.8100 (Telephone)
/s/ *Ronald R. Huff*　　　　　　　　　　　214.880.0181 (Fax)
Ronald R. Huff　　　　　　　　　　　　　jhawpe@littler.com
State Bar No. 10185050　　　　　　　　　rgreyes@litter.com

Ronald R. Huff　　　　　　　　　　　　　ATTORNEYS FOR THYSSSENKRUPP
Attorney and Counselor at Law　　　　　　 ELEVATOR CORPORATION
112 S. Crockett Street
Sherman, TX 75090
903.893.1616 (Telephone)
903.813.3265 (Fax)
ronhuff@gcecisp.com

ATTORNEYS FOR PLAINTIFF
RICHARD P. STENGER

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **RICHARD P. STENGER,** | § § § | |
| Plaintiff | § § | |
| vs. | § § | NO. 4:20-CV-00846-ALM |
| **THYSSENKRUPP ELEVATOR CORPORATION,** | § § § § | |
| Defendant. | § § | |

## JOINT PROPOSED SCHEDULING ORDER

| | |
|---|---|
| **March 11, 2021** | Deadline for Motion to Transfer |
| **April 15, 2021** | Deadline to add parties |
| **July 19, 2021** | Mediation must occur by this date. |
| **June 7, 2021** | Deadline by which the parties shall notify the Court of the name, address, and telephone number of the agreed-upon mediator, or request that the Court select a mediator, if they are unable to agree on one. |
| **May 13, 2021** | Disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b) on issues for which the party bears the burden of proof. |
| **May 27, 2021** | Deadline for Plaintiff to file amended pleadings (A motion for leave to amend is required) |
| **June 10, 2021** | Disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b) on issues for which the party does not bear the burden of proof. |
| **June 10, 2021** | Deadline for Defendant's final amended pleadings (A motion for leave to amend is required) |

| | |
|---|---|
| **6 weeks after disclosure of an expert is made** | Deadline to object to any other party's expert witnesses. Objections shall be made as a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the court with all the information necessary to make a ruling on any objection. |
| **August 19, 2021** | Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions |
| **August 19, 2021** | All discovery shall be commenced in time to be completed by this date. |
| **December 23, 2021** | Notice of intent to offer certified records |
| **December 23, 2021** | Counsel and unrepresented parties are responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in non-jury cases). |
| **December 30, 2021** | Video Deposition Designation due.  Each party who proposes to offer a deposition by video shall serve on all parties a disclosure identifying the line and page numbers to be offered.  All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included.  Counsel must consult on any objections and only those which cannot be resolved shall be presented to the court.  The party who served the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties' designation and the court's ruling on objections. |
| **January 4, 2021** | Motion in limine due<br>File Joint Final Pretrial Order (*See* www.txed.uscourts.gov) |

| | |
|---|---|
| **January 20, 2022** | Responses to motion in limine due[1] |
| | File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order.[2]  (This does not extend deadline to objects to expert witnesses.) |
| | File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law) |
| **Date will be set by Court. Usually within 10 days prior to final pretrial conf.** | If numerous objections are filed the court may set a hearing to consider all pending motions and objections |
| **February 3, 2022** | Final Pretrial Conference at 9:00 a.m. at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas.  All cases on the Court's Final Pretrial Conference docket for this day have been set at 9:00 a.m.  However, prior to the Final Pretrial Conference date, the Court will set a specific time between 9:00 a.m. and 4:00 p.m. for each case, depending on which cases remain on the Court's docket. |
| **To be determined** | 10:00 a.m. Jury selection and trial (or bench trial) at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas.  Cases that remain for trial following the Courts' Pretrial docket will be tried between February 28, 2022 and April 1, 2022.  A specific trial date in this time frame will be selected at the Final Pretrial Conference. |

---

[1] This is not an invitation or requirement to file written responses.  Most motions in limine can be decided without a written response.  But, if there is particularly difficult or novel issue, the Court needs some time to review the matter.  To save time and space respond only to items objected to.  All others will be considered to be agreed.  Opposing counsel **shall confer** in an attempt to resolve any dispute over the motions in limine within five calendar days of the filing of any response.  The parties shall notify the court of all the issues which are resolved.

[2] Within five calendar days after the filing of any objections, opposing counsel **shall confer** to determine whether objections can be resolved without a court ruling.  The parties shall notify the court of all issues which are resolved.  The court needs a copy of the exhibit or the pertinent deposition pages to rule on the objection.